### 10321

### STILL v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Two Cases.)

(101 S. E. 836.)

RAILROADS—WILFUL FAILURE TO KEEP CROSSING IN PROPER CONDITION WAS FOR JURY.—In an action for injuries to occupants of an automobile by reason of defect, in a crossing, question of wilfulness of railroad in failing to keep the crossing in safe condition for travel, or legal equipment thereof, *held* for jury, under evidence that railroad allowed rails to protrude above ground 5½ or 6 inches.

Before McIver, J., Barnwell, Spring term, 1919. Affirmed.

Actions by R. B. Still and by Mrs. Ethel Still against the Atlantic Coast Line Railroad Company. Judgments for plaintiffs, and defendant appeals.

*Messrs. Lucian W. McLemore* and *Hurley & Blatt,* for appellant, submit: *The accident occurred November 8, 1917. The statute then in force (Criminal Code, 1912, sec. 601)*

*provided for a maximum speed for automobiles on public
highways of 15 miles per hour—the car was running at 20
miles per hour when struck—the violation of such a statute
is negligence per se:* 41 S. C. 19; 19 S. E. 206; 47 S. C.
381; 25 S. E. 273; 53 S. C. 124; 30 S. E. 697; 58 S. C.
228; 36 S. E. 590; 63 S. C. 391; 41 S. E. 392; 83 S. C. 354;
65 S. E. 344; 84 S. C. 536; 66 S. E. 186; 90 S. C. 273; 73
S. E. 185; 90 S. C. —; 73 S. E. 186. *Such evidence of
negligence is not merely prima facie and subject to rebuttal,
but is conclusive of the issue:* 90 S. C. —; 73 S. E. 186;
91 S. C. 201, 216; 74 S. E. 473; 91 S. C. 523, 542. *As to
the question of whether there is any evidence of wilfulness
or wantonness sufficient to deprive defendant of the defense
of contributory negligence, the following cases cited and
distinguished:* 101 S. C. 409; 85 S. E. 964; 88 S. C. 47; —
S. E. 424; 81 S. C. 333; 63 S. E. 296; 108 S. C. 224; 93
S. E. 1055.

*Messrs. A. H. Ninestein* and *Charles Carroll Simms,* for
respondent, submit: *Even if plaintiffs had been driving at a
rate of speed in excess of the statutory limit, this would not
deprive them of the right to recover unless the rate of speed
was the proximate cause of the injury:* Ann. Cas., vol.
XXVII, 1913, p. 684; 149 S. W. (Tex.) 684. *It was the
duty of the railroad company not only to provide a crossing
safe for the immediate neighborhood, but safe for all travel-
ing on the same:* Code 1912, vol. I, sec. 3288. *A failure to
do so is negligence per se:* 76 S. C., p. 1. *A contributory
negligence could not be pleaded against this wilful and wan-
ton failure in duty:* 71 S. C. 359. *The injury was caused
by the instrumentality of the railroad and the presumption
of negligence arising, its weight was for the jury:* 90 S. E.,
p. 188.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

"November 8, 1917, plaintiffs, in an automobile, were traveling along a public highway in Orangeburg county, which crossed defendant's track, near Cope, S. C. Upon reaching this crossing, plaintiffs alleged and testified, their automobile was deflected out of its course and wrecked, and they were both injured in their persons, by reason of the defective condition of the crossing, the duty of maintaining which rested upon defendant. · By way of answer defendant pleaded a general denial and contributory negligence of plaintiffs. At the close of all the evidence, both for plaintiffs and defendant (the two cases being by consent tried together), defendant moved the Court to direct verdicts in its favor upon the grounds: (1) That there was no evidence of wilfulness; (2) that the only inference to be drawn from all the evidence was that plaintiffs' contributory negligence prevented any recovery. The motion was overruled, and the cases submitted to the jury on the issues of negligence and wilfulness. Verdicts for both plaintiffs were returned, upon which judgments were duly entered, from which judgments notices of appeal were seasonably given. The appeal is before this Court upon exceptions 4 and 5, to the refusal of motion to direct verdicts; all the other exceptions being abandoned. Upon the motion below it was conceded by defendant that there was evidence to go to the jury on the issue of negligence. It was contended, and it is contended here, that there was no evidence for the jury as to wilfulness or its equivalent, and that there could be no recovery, because the evidence conclusively showed that the negligence of plaintiffs contributed to their injuries as a proximate cause."

This appeal cannot be sustained. There was evidence from which it might be inferred that the defendant, whose duty it was to "guard or protect its rails by plank, timber, or otherwise, so as to secure a safe and easy passage across its road," did not protect the crossing at the place of the accident in any way, but allowed its rails to protrude above the ground 5½ or 6 inches. That the ground approaching

the crossing was in such condition that the automobile lights did not fall on the roadbed at night and that it could not be seen by one approaching the railroad at night. Some of the defendant's witnesses said the crossing was "fairly good," and "a little bad." These defendant's witnesses seemed, from the record, to have spoken from their general knowledge of conditions at the crossing. One witness for the plaintiff stated that he had had trouble at this crossing in September before the accident complained of. There was no error in refusing to direct a verdict for the defendant.

The judgment is affirmed.